*IN THE NAME OF GOD THE COMPASSIONATE THE MERCIFUL*

AVA NAEINI

Plaintiff IN PRO PER

11420 Santa Monica Boulevard

Suite 252098

Los Angeles, California 90025

TEL: 747-999-5737

avanaeini12@gmail.com

**FILED**
CLERK, U.S. DISTRICT COURT

4/25/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___eee_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| AVA NAEINI, PLAINTIFF,<br>V.<br>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, A DELAWARE CORPORATION,<br><br>DEFENDANT. | **CASE NO. 2:23-cv-07118-AB-BFM**<br><br>**AMENDED COMPLAINT**<br><br>**1- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>**2 - FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION IN VIOLATION GOV'T CODE 12940**<br>**3- HARASSMENT IN VIOLATION OF GOV'T CODE 12940 ET SEQ.** |

**4- RETALIATION IN VIOLATION OF GOV'T CODE 12940 ET SEQ.**

**5 - WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY**

**6 - DISCRIMINATION IN VIOLATION OF GOV'T CODE 12940 ET SEQ.**

**7- DEFAMATION**

**8- DEFAMATION PER QUOD**

**9 - DEFAMATION PER SE**

**10- FALSE LIGHT**

**11- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

**12- NEGLIGENCE**

**13- NEGLIGENT HIRING & SUPERVISION  OF EMPLOYEES**

**14- WORKPLACE HARASSMENT**

## SUMMARY

This amended complaint is the exact and true copy of what was submitted to JAMS arbitration on April 1st before any decision on the award was made.

Ms. Naeini was misinformed by Ms. English over the phone, Senior arbitration Practice Specialist, that any sort of amended statement of claims or discovery better be filed after the arbitrator is assigned as Ms. Naeini in inquired about both.

Correspondence is included in Exhibit 3.

## AMENDED COMPLAINT

There was immature behavior in choosing the arbitrator and many setbacks and mistakes in making the $12,000 payments between the defendant and JAMS for the arbitrator Jackson Lucky, which delayed the whole proceedings for months. The arbitrator was assigned, and a short pre-hearing was held in mid-March. The arbitrator argued that the ECCU complaint was missing, and the Plaintiff shared that she is in pro per and Defendant had moved the case from California to Federal Court without prior notice, so it's not fair that she is being asked for documentation or procedural action for a case she never initiated but got transferred by the defendant.

The plaintiff attached the right to sue, a true copy attached as EXHIBIT 2, which showed within California law that it is something that can be obtained immediately to govern fair employment, and filed the exact copy of this Amended complaint(filed on March 31st with JAMS, as plaintiff property had serious rain damages since February) that was fully dismissed. Plaintiff shared that his supervisor at Credit Suisse has been arrested for sexual assault and that's the level of respect for women he had. News link:

https://dailyvoice.com/new-jersey/somerset/man-sexually-abused-girls-ages-8-to-15-in-raritan-then-relocated-to-texas-police-say/

 This confirms Plaintiff experience of being dismissed and disrespected during this employment. Proof of interview with this person as her manager, news, and his LinkedIn are attached as Exhibit 4. Shortly after the pre-hearing and discussing all these elements and amended claims, the arbitrator dismissed the Plaintiff claim fully and unjustly, the award is attached in Exhibit 5.

Based on the conduct of the arbitrator and the fact that he clearly had a serious financial interest in getting paid $12k for a 1-hour session to dismiss a situation, this feels like bribery by employers to mentally, emotionally, and physically abuse minorities, label and silence them, and put them through quarantine in a dark place for weeks to punish them for being intelligent and aware. The plaintiff testifies and believes that the arbitrator is corrupt and negligent. His ruling was the farthest from justice she had ever seen for the large amount of money he received to project his weaknesses and corruption into the world.

It is obvious that he intentionally ignored everything the plaintiff shared about elements of discovery, many causes of actions, and the fact that the Plaintiff is highly educated, with a Master's in Math and Computer Science, and is a Minority Muslim woman who has yet to fight for justice to be acknowledged in the workplaces which share similarities to challenges educated African American or Hispanic women face due to poor execution of applicability of civil rights equally to all.

Plaintiff appreciates consideration of this amended complaint as she was lied to by JAMS staff and didn't get a chance to present the case. She would like to file for discovery as well, and she hopes and prays for a fair judgment and will file an opposition to vacate the award.

The attorney on the other side had invalid arguments about the statute and gave the plaintiff backhanded compliments that would gaslight with a racist attitude as he had coerced her before verbally to enter arbitration which she didn't want to for the exact reason proceedings went. She prefers a public setting for the execution of justice as it's easier to silence minorities in private mode for abusive and corrupt systems.

The defendant is liable to the Plaintiff for the relief prayed for herein and must work towards a peaceful resolution.

## **INTRODUCTION**

This is the amended statement of claims with all the applicable causes of actions embodying factual statements of incidents that were fully stated in the original complaint and formatted and categorized according to the existing laws.

Defendant alleges in their motion to dismiss that Plaintiff has not stated enough facts to support defamation claims yet her termination and denial of work was fully due to the defamatory statements and derogatory claims Bill Humphreys made on her behalf based on racial/gender, national origin, religion discrimination to eliminate her existence from the workforce.

Ethics training and conflict of interest policies are very standard and basic practices for every technology company that new hires take and the defamatory statements made by Cognizant such as Plaintiff violated the Company's conflict of interest policy while she fully disclosed her ventures is enough to sabotage her whole career for the rest of her life. That is not even considering that her project had major potential with Credit Suisse AI team which got completely sabotaged by the malicious effort of him and Credit Suisse director Suresh who interrogated the Plaintiff and said you will be let go if you have a company outside which is really not the case unless you are a dogmatic narcissistic outdated person in technology. Please see pulse pitch below in case familiarity with the scope of vision is needed to estimate the damages:
Pulse Pitch: https://www.youtube.com/watch?v=8KK0lgJA6Vc

---

AMENDED COMPLAINT

5

Additionally, the Defendant deprived the Plaintiff of unemployment government benefits that she was fully entitled to by declaring those statements in writing which led to EDD refusing her unemployment benefits at first.

Evidence has been submitted in prior claims that is sufficient as proof of such defamatory statements and destruction of public benefits to damage her in all aspects and not even allow her to make ends meet.

Ms. Naeini was targeted during her employment, experienced serious **discrimination, harassment, and retaliation**, was overqualified, delivered above and beyond, disclosed all her efforts out and open, and still was put on an unnecessary quarantine with 0 explanation, interrogated, and got isolated. When she complained about her safety to HR given the process of isolation and discrimination by Bill Humphreys and his staff which is a protected activity she got terminated the next day thanks to the failures of the company to protect employees. This is pure retaliation in violation of public policy.

### **VALIDITY OF STATUTE OF LIMITATIONS**

Ms. Naeini original complaint was filed on 07/26/2023 and her employment ended on 07/30/2022. All the causes of actions here are within the statute of limitations as one year is the minimum statute. The right to sue and discrimination claims have been filed with CCRS on March 18th.

### **VICARIOUS LIABILITY**

Plaintiff is informed and believes and alleges that public policy dictates in certain situations that one person or entity should be liable for the acts or omissions of another

person or entity. Vicarious liability is a form of secondary or indirect liability that is imposed when parties have a particular relationship, usually an agency relationship. When it is applicable to a particular situation, a principal is required to answer for an agent's negligent or otherwise wrongful actions

Plaintiff is informed and believes and alleges that vicarious liability is often applicable to employer-employee relationships.

Plaintiff is informed and reasonably believes that this doctrine of vicarious liability is applicable to all individuals aforementioned in this case as well as the corporate Defendant. Defendant knew, in the exercise of reasonable care should have known, that their failure to abate the unbearable conditions within the company would cause Plaintiff to suffer severe damages. Additionally, Plaintiff asserts that she suffered because of the aforementioned conduct there was a sufficient basis to establish psychological harassment, discrimination, and retaliation and all causes of actions in this complaint. That the aggregate of the conduct aforementioned constituted forms of psychological abuse and bullying because there was vexatious behavior in the form of behavior, and actions that affect an individual's dignity or psychological or physical integrity and wellbeing.

Such conduct results in an unsafe, unproductive, and harmful work environment that's not safe for employees especially minority women.

As a direct and proximate result of Defendant's acts and omissions; and failure to prevent misconduct for remaining all causes of actions Plaintiff has suffered a major financial loss, loss of wages and innovation opportunities declared in the damages section.

## FIRST  CAUSE OF ACTION
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

Plaintiff realleges and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint, as though set forth herein.

Under California law, workers' compensation is normally the exclusive remedy for harmed workers, even those suffering emotional distress at the hands of their bosses. But suing for emotional distress at work is allowed if the basis of your emotional distress lawsuit involves a public policy issue.

Workplace public policy issues that could give you the right to sue for emotional distress include:

- Workplace discrimination under the California Fair Employment and Housing Act,

In this instance workplace discrimination is a cause of action asserted in this complaint and therefore this is a proper court of proper subject matter jurisdiction.  In this instance a workers compensation court is not the exclusive court for remedy in this instance because this case centers around discrimination based on religion and gender.

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the Defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress;

(2) Plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the Defendant's outrageous conduct.' A Defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the Defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' " (Hughes v. Pair (2009) 46 Cal.4th 1035, Cal.Rptr.3d 636, 209 P.3d 963]

---

The sort of intentional infliction of emotional distress (IIED) occurs when one acts abominably or outrageously with intent to cause another to suffer severe emotional distress, such as issuing the threat of future harm. In order to establish the prima facie case the following is required: (a) The

Defendant acts; (b) The Defendant's conduct is outrageous, (c) The Defendant acts for the purpose of causing the victim emotional distress so severe that it could be expected to adversely affect mental health, (d) The Defendant's conduct causes such distress.

Plaintiff is informed that each of the acts of Defendant enumerated in the previous paragraphs was undertaken with the intent to harass and annoy Plaintiff for three weeks or more, to label Plaintiff, and terminate her employment.

Plaintiff is informed that each of the acts of Defendant enumerated in the previous paragraphs were undertaken to cause intentional infliction of emotional distress by and through the actions of the company's HR Department representatives, Plaintiff managers, co-workers, and other

stakeholders at Credit Suisse and Cognizant.

Because of the conduct of Defendant, and each of them, as alleged above, Defendant has committed conduct which is extreme and outrageous and was intended to cause Plaintiff to suffer extreme emotional and psychological distress and anguish as alleged herein.

The acts of Defendant, and each of them, were willful, wanton, deliberate, malicious, oppressive, and designed to cause Plaintiff economic and personal injury, and therefore justify the awarding of substantial punitive damages.

---

AMENDED COMPLAINT

In this instance based on the conduct of this Defendant of harassment in the workplace by unequal treatment rooted in racial and ethnic discrimination, gender discrimination, and religious/national origin discrimination which is abominably or outrageously done with intent to cause another to suffer severe emotional distress, such as issuing statements that harm her opportunities in the technology industry.

The Defendant's acts and conduct is outrageous as the Defendant acted for the purpose of causing the victim emotional distress so severe that it could be expected to adversely affect mental health, and in fact these Defendant's conduct caused such distress.

As a direct and proximate result of said conduct of Defendant, and each of them, Plaintiff has suffered special and general damages.

## SECOND CAUSE OF ACTION
## FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION IN VIOLATION OF GOV'T CODE 12940 ET SEQ.

Plaintiff reallege and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint, as though set forth herein.

Plaintiff while working for the Defendant is informed and reasonably believes that under - Gov. Code, § 12940(k) Defendant Cognizant failed to take all reasonable steps to prevent harassment/discrimination/retaliation against this Plaintiff as she was in a protected status based on race, gender, and religion.

It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:

(a)  For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

As an employee of Defendant Cognizant, she was employed with them full-time providing technology services as she was under contract to do so. That Plaintiff was subjected to harassment/discrimination/retaliation in the course of employment; That because of the aforementioned described conduct there was a sufficient basis to establish psychological harassment;

That the aggregate of the conduct aforementioned constituted forms of psychological harassment because there was ongoing silent treatment and continuous vexatious behavior in the form of repeated accusations, actions or gestures that affects an individual's dignity or psychological or physical integrity by fabricating the truth and making up lies which results in a harmful work or learning environment for the Plaintiff and the public.

Cognizant's failure to take all reasonable steps to prevent those conducts was a substantial factor in causing this Plaintiff's harm. "The employer's duty to prevent harassment and discrimination is affirmative and mandatory." (Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.(2002) 103 Cal.App.4th 1021, 1035 [127 Cal.Rptr.2d 285].

AMENDED COMPLAINT

In this instance Plaintiff is informed and reasonably believes that the conduct of the various individuals of Defendant or the third party companies, Credit Suisse, such as, Bill Humphyres(Cognizant security), Daniel Currey(Cognizant HR), Amit Ranjan(Cognizant non-existent supervisor), Janaki Somasundaram(Credit suisse supervisor arrested for assault in summer 2023), Suresh(Janaki supervisor) were malicious, discriminatory, retaliatory and harassing. HR and supervisors failed to prevent that from happening despite being fully informed about extreme suffering and discomfort of Plaintiffs.

That in fact such behavior or participating in supporting such behavior by these individually named Defendant resulted in acts of harassment against Plaintiff due to her race as a Iranian, religion as a Muslin and gender as a woman.

The nature of these incidents that were acted on against her include undermining her efforts by wiping her presence and voice from the workforce. Daniel Currey kept oversharing about herself as a new hire and when the Plaintiff shared her safety concern and the fact that she is being harassed she broke the termination news the next day so she as well as Amit Ranjan(Supervisor at Cognizant) failed to prevent harassment.

Public policy dictates in certain situations that one person or entity should be liable for the acts or omissions of another person or entity. Vicarious liability is a form of secondary or indirect liability that is imposed when parties have a particular relationship, usually an agency relationship. When it is applicable to a particular situation, a principal is required to answer for an agent's negligent or otherwise wrongful actions.

AMENDED COMPLAINT

Vicarious liability is often applicable to employer-employee relationships, but it is also applicable to other situations where a superior is held responsible for the acts of a subordinate. It can apply whenever a third party has the right and duty to control the activities of the negligent person.

Plaintiff is informed and reasonably believes that this doctrine of vicarious liability is applicable to all individuals aforementioned in this case as well as the corporate Defendant.

Defendant knew or, in the exercise of reasonable care, should have known, that their failure to abate the unbearable conditions within the company would cause Plaintiff to suffer severe emotional distress.

As a direct and proximate result of Defendant' acts and omissions; Plaintiff has suffered emotional distress and mental suffering.

### THIRD CAUSE OF ACTION
### HARASSMENT IN VIOLATION OF GOV'T CODE 12940 ET SEQ.

Please see the definition of harassment by "US EMPLOYMENT OPPORTUNITY COMMISSION" below as well as incidents reports

*Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature) is also unlawful. Although the law does not prohibit simple teasing, offhand comments, or isolated incidents that are not very serious, harassment is illegal if it is so frequent or severe that it creates a hostile or offensive work environment or if it results in an adverse employment decision (such as the victim being fired or demoted).*

AMENDED COMPLAINT

*The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer*

**Facts:**

**When & Where**: During the security interview during quarantine period, Bill Humphreys, kept harassing the Plaintiff for her project and making it look like she is not allowed to succeed and she is only after monetary gains not innovation and data, he painted her as a superficial individual by projection where earning money with her innovations or doing any scientific research is not permissible for her. Basically, he attacked her and labeled her unethical because her intelligence and abilities that were above average on no sane basis or ground. The Defendant was not even able to locate the agreement that showed she had disclosed her patent to the company fully and were negligent once again.

**PROOF:**  Individuals who are harassed will be deposited to hearing if necessary to testify about their actions and mishandling. Discovery will be filed for email communications to the Plaintiff as well as all back channels to sabotage her career.

<u>**FOURTH CAUSE OF ACTION**</u>
<u>**RETALIATION IN VIOLATION 12940 ET SEQ.OF GOV'T CODE**</u>

 Retaliation and protected activity is explained in clear terms by the US government <u>in this link</u> and incident reports are clearly detailed below to achieve success.

*Taking an action that might deter a reasonable person from participating in activity detected by antidiscrimination and/or whistleblower laws. Protected activity includes: complaining about discriminatory or harassing behavior; disclosing/reporting violations of law, rule or procedure or fraud, waste or abuse; and participating in discrimination or whistleblower proceedings (such as an investigation or lawsuit). Retaliatory actions are not limited to formal personnel actions such as termination, demotion, non-promotion, or non-selection. Retaliatory actions are broadly defined to harassing behavior, significant changes to job duties or working conditions, and even threats to take personnel actions*

**Incident:**

**Protected Activity:**

Plaintiff reached out to HR, Daniel Currey, after three weeks of quarantine. She shared she doesn't feel safe and she is being harassed by Bill Humphreys, and she has suffered the way she is being treated by silent treatment with no explanation and so much injustice.

**Retaliation**:

HR along with a team of management retaliated the next day and broke the news that she is being terminated and shut the Plaintiff down when she tried to defend herself. Plaintiff never was heard and was fully dismissed.

## FIFTH CAUSE OF ACTION WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

Please see  government policies in this link:

**Prohibited EMPLOYMENT POLICIES ARE NOTED HERE by the US. Government.**

# 1. Job Assignments & Promotions

Plaintiff was overqualified and underpaid and potential credit suisse opportunities completely got sabotaged.

# 2. Pay And Benefits

Overworked and underpaid disallowed to succeed, disallowed to exist as an intelligent independent part of the workforce. Disallowed to speak on her safety and comfort.

# 3. Recruitment & Hiring

No mentorship, no onboarding, no proper channel of communications, no access for weeks after hiring.

# 4. Harassment

Please refer to the cause of actions.

# 5. Discipline & Discharge

HR takes pride in bullying people, harassment, retaliation and enjoys tort actions.

**SIXTH CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF**

**GOV'T CODE 12940 ET SEQ.**

Please see link below for prohibited practices.

**Prohibited EMPLOYMENT POLICIES ARE NOTED HERE by the US. Government.**

**Definition of discrimination:**

The differential treatment of an individual or group of people based on their race, color, national origin, religion, sex (including pregnancy and gender identity), age, marital and parental status, disability, sexual orientation, or genetic information.

Treatment was not merit-based. The reason behind the discriminatory treatments and context is something that needs to be established in one's open mind based on the facts provided. Plaintiff is the victim of abuse by the toxicity of a Security team, Cognizant and Credit Suisse supervisors, and the human resource staff Daniel Currey.

Plaintiff was overqualified, underpaid, physically, mentally, and emotionally exhausted by the negativity of this group of people who attacked her or/and backstabbed her.

<u>**SEVENTH CAUSE OF ACTION**</u>

<u>**DEFAMATION**</u>

Please refer to the original filed complaint.

<u>**EIGHT CAUSE OF ACTION**</u>

<u>**DEFAMATION PER QUOD**</u>

Please refer to the original filed complaint.

<u>**NINTH CAUSE OF ACTION**</u>

<u>**DEFAMATION PER SE**</u>

Please refer to the original filed complaint.

## TENTH CAUSE OF ACTION
## FALSE LIGHT

Please refer to the original filed complaint.

## ELEVENTH  CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Please see below for a clear definition of this cause of action in this context:

An employer breaches the implied covenant of good faith and fair dealing by acting in bad faith to prevent an employee from enjoying the benefits of his or her employment contract, thus causing the employee damage. (Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 683; Sheppard v. Morgan Keegan & Co. (1990) 218 Cal.App.3d 61, 66; see also BAJI 10.05, 10.35, 10.38.)

In every contract, there is an implied promise that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. (Comunale v. Traders & General Ins. Co. (1958) 50 Cal.2d 654, 658.) "This implied promise means that neither the employer nor the employee will do anything to unfairly interfere with the right of the other to receive the benefits of the employment relationship. Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract." (CACI No. 2423.)

AMENDED COMPLAINT

**Actions and Incidents:**

**About two weeks into hiring:** I no mentorship, no access to any workmachines, no communication, no management, no assignments basically felt like a **kidnapped hostage** during work hours chained to a desk with no visibility or transparency to any project.

Post disclosure of pulse:

Treating Plaintiff less than a human being by putting her through a three-week long quarantine and silent treatment, torturing her, and asking her not to login into any workstations without providing a single word of explanation. Requesting secret meetings and asking her not to speak to anyone for no solid reason simply because they were incapable individuals who were not able to find the invention agreement and be at peace with themselves. Supervisors and security members. The Plaintiff suffered a lot and became ill physically.

## TWELFTH CAUSE OF ACTION
## NEGLIGENCE

Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint, as though set forth herein.

Negligence is <u>an act (or failure to act) when you owe a duty</u> to another individual. For instance, a customer who falls and breaks their arm after slipping on a spill that was not promptly cleaned up may have a negligence claim against the shopkeeper. Negligence definitions are not that different from one state to the next, although the degree to which negligence is shared (when both parties are partially at fault) varies. In California, as in other states, Plaintiff must be able to demonstrate the following <u>elements in order to prove negligence</u> on the part of the Defendant:

In this instance, the Defendant had a duty to this employee to act with due care.

---

That by the description of the aforementioned conduct of employees, managers, or supervisors, and other stakeholders they abused and breached that standard of care towards her in a professional environment.  The Defendant breached this duty (was "negligent" in his or her duty)

The Defendant's breach of duty caused the Plaintiff's injury(ies)

The Defendant's actions were the proximate cause of the injuries were foreseeable when such actions were undertaken by these various Defendants in the course of their employment.

Plaintiff suffered actual damages (such as the loss of employment and earned compensation plus pain and suffering and crushed stability)

Plaintiff alleges that the Defendant had a duty (to either commit an act or refrain from committing an act).  That this Defendant breached this duty (was "negligent" in his or her duty) as it allowed the conduct as aforementioned and now this results in the Defendant's breach of duty to Plaintiff and which have now caused Plaintiff's injury(ies)

The Defendant's actions were the proximate cause of the injuries (in other words, the Defendant should have foreseen the dangers of his or her action or inaction)

The Plaintiff suffered actual irreversible damages.

Public policy dictates in certain situations that one person or entity should be liable for the acts or omissions of another person or entity. Vicarious liability is a form of secondary or indirect liability that is imposed when parties have a particular relationship, usually an agency relationship. When it is applicable to a particular situation, a principal is required to answer for an agent's negligent or otherwise wrongful actions.

Vicarious liability is often applicable to employer-employee relationships, but it is also applicable to other situations where a superior is held responsible for the acts of a subordinate. It can apply whenever a third party has the right and duty to control the activities of the negligent person.

Plaintiff is informed and reasonably believes that this doctrine of vicarious liability is applicable to all individuals aforementioned in this case as well as the corporate Defendant.

Defendant knew, or in the exercise of reasonable care should have known, that their failure to abate the unbearable conditions within the company would cause Plaintiff to suffer severe emotional distress.

That such conduct represents conditions that were of bad faith and therefore its cumulative impact amounts to a breach of this implied covenant of good faith and fair dealing in the employment contract.

As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and mental suffering in the statement of damages.

## THIRTEENTH CAUSE OF ACTION
## NEGLIGENT HIRING & SUPERVISION OF EMPLOYEES

Plaintiff realleges and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint, as though set forth herein.

"California case law recognizes the theory that an employer can be liable to a third person for negligent hiring, supervising, or retaining an unfit employee." (Doe v. Capital Cities (1996) 50 Cal.App.4th 1038, 1054 [58 Cal.Rptr.2d 122].)

AMENDED COMPLAINT

"Negligence liability will be imposed on an employer if it 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.' " (Phillips v. TLC Plumbing, Inc. (2009) 172 Cal.App.4th 1133, 1139 [91 Cal.Rptr.3d 864].)

On the negligent supervision and failure to warn claims, [Plaintiff] will be required to show [Defendant employer] knew or should have known of [employee]'s alleged misconduct and did not act in a reasonable manner when it allegedly recommended him to serve as [Plaintiff]'s Bible instructor." (Lopez vs. Watchtower Bible & Tract Society of New York, Inc. (2016) 246 Cal.App.4th 566, 591 [201 Cal.Rptr.3d 156], internal citations omitted.). Plaintiff fully informed supervisor, Amit Ranjan about the situation and he acknowledged but he was focused on taking vacation as he is an irresponsible narcissist.

"[A] negligent supervision claim depends, in part, on a showing that the risk of harm was reasonably foreseeable. [Citations.] 'Foreseability is determined in light of all the circumstances and does not require prior identical events or injuries.' [Citations.] ' "It is not necessary to prove that the very injury which occurred must have been foreseeable by the school authorities . . .. Their negligence is established if a reasonably prudent person would foresee that injuries of the same general type would be likely to happen in the absence of [adequate] safeguards." " (D.Z. v. Los Angeles Unified School Dist. (2019) 35 Cal.App.5th 210, 229 [247 Cal.Rptr.3d 127], internal citations omitted.)

"Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." (Delfino v. Agilent Technologies, Inc. (2006) 145 Cal.App.4th 790, 815 [52 Cal.Rptr.3d 376].)

"Liability for negligent hiring and supervision is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers

or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. The tort has developed in California in factual settings where Plaintiff's injury occurred in the workplace, or the contact between Plaintiff and the employee was generated by the employment relationship." (Mendoza v. City of Los Angeles (1998) 66 Cal.App.4th 1333, 1339-1340 [78 Cal.Rptr.2d 525].)

Plaintiff alleges that the Defendant employees demonstrated either improper or inadequate management skills that were inappropriate.  This represents a breach of duty to its employees such as Plaintiff, as she bore the impact of the carelessness and maliciousness of their verbal abuse.

Plaintiff alleges that the Defendant had a duty (to either commit an act or refrain from committing an act). That this Defendant breached this duty (was "negligent" in his or her duty) as it allowed the conduct as aforementioned and now this results in the Defendant's breach of duty to Plaintiff and which have now caused Plaintiff's injury(ies).

The Defendant's actions were the proximate cause of the injuries (in other words, the Defendant should have foreseen the dangers of his or her action or inaction).

Plaintiffs suffered actual damages (such as the cost of rehab, lost wages, pain and suffering, etc.)

Defendant knew or, in the exercise of reasonable care, should have known, that their failure to abate the unbearable conditions within the company would cause Plaintiff to suffer severe emotional distress.

That such conduct represents conditions that were of bad faith and therefore its cumulative impact is to amount to a breach of this implied covenant of good faith and fair dealing in the employment contract.

As a direct and proximate result of Defendant ' acts and omissions; Plaintiff has suffered emotional distress and mental suffering, in an amount declared as damages.

AMENDED COMPLAINT

As a further direct and proximate result of Defendant' acts and omissions; Plaintiff has suffered emotional and mental injury and have incurred medical expenses for therapy and worsened medical conditions.

## FOURTEENTH CAUSE OF ACTION
## WORKPLACE HARASSMENT

Please see the third cause of action regarding harassing activities by HR and the security team.

## DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendant and each of them as follows:

1. **Financial Loss Recovery:** Three-year Salary **315k**.
   - Please See Exhibit 1 for the offer letter that declares the salary as well as enforcement of policies such as discrimination and harassment which they violated themselves.

2. **Loss of Salary for medical coverage** while Plaintiff declared that she is having health issues and is doing labwork making her responsible for expensive Cobra coverage with no severance package after termination: **90k**

3. **Punitive damages for pain**, suffering, and putting Plaintiff in quarantine mode based on pure **discrimination**: **100k**

AMENDED COMPLAINT

4. Saboatoging Key Innovation project and growth opportunities at the seed level: **50k**

**Total Damages: 555k**

Date: 04/24/2024

Ava Naeini

Plaintiff

# **Exhibit 1**

# <u>Offer Letter</u>



Ref No: 21249155
May 16, 2022

Ava Naeini
1722 Malcolm Avenue
apt 206
Los Angeles, CA 90024

Re: Offer of Employment

Dear Ava,

Cognizant Technology Solutions U.S. Corporation ("Cognizant") is pleased to extend to you an offer of employment, for the position of Kafka Admin, at the Senior Associate Level. We are excited to have you join our global team of talented and dedicated associates, and we look forward to the skills and experience you will bring to the organization.

Your scheduled start date is May 31, 2022. The first day of employment may be changed upon written agreement by both parties. You will initially report to Amit Ranjan. Please keep in mind that Cognizant reserves the right to make any changes or modifications in the future that we believe are in the best interest of our business goals and needs. In addition, for certain project-based roles, the company cannot guarantee location or duration of available projects and you may be required to relocate or travel for future assignments, as required by business needs.

Because time is of the essence, this offer will remain open for only fourteen (14) calendar days, including the date of this offer. If you don't accept the offer within that time frame, it will expire and it will no longer be available to you.

This offer is contingent on the following:

- Your electronic acceptance of this offer letter within the time frame above;
- The successful and satisfactory completion of your references and background verification, which may include drug testing;
- Your signing of the Confidential Information and Invention Assignment Agreement (CIIAA) and the Mutual Arbitration Agreement (MAA);
- Completion of all new-hire paperwork; and
- Satisfactory verification of employment eligibility and authorization to work in the United States. You will need to present documentation of identity and employment eligibility and complete the I-9 Employment Eligibility Verification form within the first three (3) business days of your employment. In compliance with the Immigration Reform and Control Act of 1986, your employment at Cognizant is contingent on presenting adequate documentation within the mandatory time frame.

Employment with Cognizant is 'at-will,' meaning that it's not for any specific period of time and can be terminated either by you or by the company at any time, with or without advance notice, and for any or no particular reason or cause.

The terms and conditions of your employment with Cognizant are described below:

**POSITION:** Cognizant is offering you full-time employment for the position of Kafka Admin at Senior Associate Level. You will initially report to Amit Ranjan. Please keep in mind that Cognizant reserves the right to make any changes or modifications in the future that we believe are in the best interest of our business goals and needs. In addition, for certain project-based roles, the company cannot guarantee location or duration of available projects and you may be required to relocate or travel for future assignments, as required by business needs.



**WORK LOCATION:** You will work onsite at a Cognizant or client office in Los Angeles - CA USA, CLT, unless this position is a remote position.

**TOTAL REWARDS:**

**CASH COMPENSATION**
**Base Salary:** You will be paid USD 4,375.00 per pay period equivalent to an annual base salary of USD 105,000.00. You will be paid your salary on the 15th and last working day of each month in accordance with the company's current payroll policies and practices.

**Cost Of Labor Adjustment (COLA):** You will be paid a geographically based COLA of USD 395.83 per pay period for Los Angeles - CA USA, CLT, which is an annualized amount of USD 9,500.00. You will be paid your COLA, along with your regular base salary, on the 15th and last working day of each month in accordance with the company's current payroll policies and practices. If your work location changes, there will be an adjustment to COLA effective the first day of work in your new work location. COLA is subject to regular review and may be increased or decreased, or replaced by another compensation component, pursuant to company policies or otherwise at the company's sole discretion.

**Performance Pay**: Eligible associates may receive performance pay, a non-recurring reward that provides recognition for outstanding performance in the prior year. Performance Pay is discretionary, subject to executive management approval, and will vary from year to year. This performance incentive is derived as a result of both company and individual performance. Associates must be active on the company's payroll at the time of payout in order to receive Performance Pay.

*All aforementioned components of your cash compensation will be subject to customary deductions and withholdings as required by law or as authorized by you.*

**VACATION:** You will be entitled to 15 days of personal leave annually, plus normal company holidays, subject to the company's applicable accrual and carryover rules.

**BENEFITS:** As a full-time, regular employee of Cognizant, you will be eligible to receive benefits that the company offers to similarly-situated employees, subject to applicable vesting periods and eligibility requirements.

**COMPLIANCE WITH COMPANY POLICIES:** At Cognizant, our personnel and other company policies are designed to be fair, ethical and inclusive. As an employee of Cognizant, you will be expected to comply with these policies, including our policy requiring your ongoing compliance with the CIIAA, MAA, and our policies prohibiting discrimination and unlawful harassment, conflicts of interest, and violation of any applicable laws in the course of performing your job duties. You also agree to adhere to all confidentiality obligations of any previous employer, and agree that you will not bring any confidential information from your prior employer to Cognizant or use such information for any purpose in the course of your employment at Cognizant.

**OFFER ACCEPTANCE:** If you accept this offer, and the conditions of this offer are satisfied, this letter, the CIIAA, and the MAA shall constitute the complete agreement between you and Cognizant, with respect to the terms and conditions of your employment. Any representations, promises or agreements, whether written or oral, that aren't expressly written in this letter or are contrary to or conflict with this letter, which may have been made to you by any person, are expressly replaced by this letter. The terms and conditions of your employment pursuant to this letter may not be changed except as otherwise expressly specified in this letter or in the CIIAA or MAA.

We are eager to welcome you to the team! You are joining Cognizant at an exciting time, and we know your fresh thinking and expertise will help us accomplish great things.

If all of the above is acceptable to you, please eSign this offer letter and your electronic



acceptance will be returned to the company. Be sure to retain a copy for your records and
complete the pre-joining documents listed on our Welcome Center per the instructions that will be
sent to you shortly.

If you have any questions regarding the contents of this letter, employment with Cognizant or the
enclosed materials, please contact your recruiter, Vaishnavi Gopalan, at 210-859-2011 or at
Vaishnavi.Gopalan@cognizant.com.

Sincerely,

Atish Mitra
AVP - Talent Acquisition, NA
Cognizant Technology Solutions U.S. Corp.

# Exhibit 2

# RIGHT TO SUE FROM

# CALIFORNIA CIVIL RIGHTS

# DEPARTMENT

# AND DISCRIMINATION

# COMPLAINT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 18, 2024

Ava Naeini
11420 Santa Monica Blvd
Los Angeles, CA 90025

RE:    **Notice to Complainant**
       CRD Matter Number: 202403-24004418
       Right to Sue: Naeini / Cognizant Technology Solutions

Dear Ava Naeini:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents.  If you do not have an attorney, you must serve the complaint yourself.
Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of
Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 18, 2024

Ava Naeini
11420 Santa Monica Blvd
Los Angeles, CA 90025

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202403-24004418
       Right to Sue: Naeini / Cognizant Technology Solutions

Dear Ava Naeini:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 18, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Ava Naeini

CRD No. 202403-24004418

Complainant,

vs.

Cognizant Technology Solutions
300 Frank W Burr Blvd, Suite 36
Teaneck, NJ 07666

Respondents

---

**1.** Respondent **Cognizant Technology Solutions** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Ava Naeini**, resides in the City of **Los Angeles,** State of **CA.**

**3**. Complainant alleges that on or about **October 18, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), color, sex/gender and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied hire or promotion.

**Additional Complaint Details:** Defamatory statements about me and my project were being made to prevent me from continuing my venture and get me fired. I was discriminated against because of me being a minority woman with intelligent ideas that supercedes the management level of intellect.

Date Filed: March 18, 2024

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Ava Naeini**, am the **Complainant** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On March 18, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**

-2-
*Complaint – CRD No. 202403-24004418*

Date Filed: March 18, 2024

CRD-ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

                                                                                        KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 18, 2024

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202403-24004418
       Right to Sue: Naeini / Cognizant Technology Solutions

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

# Exhibit 3

4/25/24, 8:5... Gmail - Naeini, Ava vs. Cognizant Technology Solutions US Corporation - JAMS Ref No. 5220004628

Case 2:23-cv-07118-AB-BFM Document 21 Filed 04/25/24 Page 37 of 55 Page ID #:225

 Gmail

Ava Naeini <avanaeini12@gmail.com>

---

## Naeini, Ava vs. Cognizant Technology Solutions US Corporation - JAMS Ref No. 5220004628

8 messages

---

**Darcy English** <denglish@jamsadr.com>                   Fri, Dec 15, 2023 at 12:03 PM
To: "avanaeini12@gmail.com" <avanaeini12@gmail.com>

Hello Ms. Naeini,


Thank you for your message, I am happy to assist with questions that you have and will likely serve as the case manager going forward.

I am headed out for an appointment, but am available Monday anytime other than 11:30am-1:30pm Pacific. Or any day/time next week that is convenient for you.


Best,

Darcy


**\*Please note JAMS will be closed Dec. 25 – Jan. 1**




**Darcy English**
Senior Arbitration Practice Specialist


**JAMS - *Local Solutions. Global Reach.*** ™

P: 415-774-2635

**www.jamsadr.com**

-

Follow us on **LinkedIn**, **Facebook** and **Twitter**.

-

Manage your case anytime, anywhere. **Register now for JAMS Access.**

---

**Ava Naeini** <avanaeini12@gmail.com>                   Fri, Dec 15, 2023 at 3:07 PM
To: Darcy English <denglish@jamsadr.com>

4/25/24, 8:5... Gmail - Naeini, Ava v. Spacex, Inc. JAMS Ref. No. 1220062604 Technology Solutions Corporation...

Case 2:23-cv-07118-AB-BFM Document 21 Filed 04/25/24 Page 38 of 55 Page ID #:226

Hello Darcy,

Thank you. Glad to have you onboard. I try to reach out to you on Monday if time permits I have some commitments.

Sincerely,
Ava Naeini

[Quoted text hidden]

---

**Ava Naeini** <avanaeini12@gmail.com>                          Tue, Dec 19, 2023 at 10:07 PM
To: Darcy English <denglish@jamsadr.com>

Hello Darcy

I called you on Monday. Are you available tomorrow?

> On Dec 15, 2023, at 3:07 PM, Ava Naeini <avanaeini12@gmail.com> wrote:
>
>
> Hello Darcy,
>
> Thank you. Glad to have you onboard. I try to reach out to you on Monday if time permits I have some commitments.
>
> Sincerely,
> Ava Naeini
>
> On Fri, Dec 15, 2023 at 12:03 PM Darcy English <denglish@jamsadr.com> wrote:
>> Hello Ms. Naeini,
>>
>>
>> Thank you for your message, I am happy to assist with questions that you have and will likely serve as the case manager going forward.
>>
>> I am headed out for an appointment, but am available Monday anytime other than 11:30am-1:30pm Pacific. Or any day/time next week that is convenient for you.
>>
>>
>> Best,
>>
>> Darcy
>>
>>
>> **\*Please note JAMS will be closed Dec. 25 – Jan. 1**
>>
>>
>> 
>>
>> **Darcy English**
>> Senior Arbitration Practice Specialist
>>
>>
>> **JAMS -** *Local Solutions. Global Reach.*^TM
>>
>> P: 415-774-2635
>>
>> **www.jamsadr.com**
>>
>> -
>> Follow us on **LinkedIn**, **Facebook** and **Twitter**.

Manage your case anytime, anywhere. **Register now for JAMS Access.**

---

Ava Naeini <avanaeini12@gmail.com>                    Wed, Dec 20, 2023 at 1:13 PM
To: Darcy English <denglish@jamsadr.com>

Hello Darcy,

I made the payment.

Thank you and happy holidays,
Ava Naeini
[Quoted text hidden]



**Screenshot 2023-12-20 at 1.13.20 PM.png**
162K

---

Ava Naeini <avanaeini12@gmail.com>                    Wed, Dec 20, 2023 at 8:18 PM
To: Darcy English <denglish@jamsadr.com>

https://www.justice.org/resources/research/forced-arbitration-hurts-women-and-minorities

This the article.
[Quoted text hidden]

---

Ava Naeini <avanaeini12@gmail.com>                    Thu, Jan 4, 2024 at 10:24 PM
To: Darcy English <denglish@jamsadr.com>

Hello Darcy,

Has the other party made the payment? Could you please follow up with them? Thank you.

> On Dec 20, 2023, at 8:18 PM, Ava Naeini <avanaeini12@gmail.com> wrote:

[Quoted text hidden]

---

Darcy English <denglish@jamsadr.com>                    Fri, Jan 5, 2024 at 2:33 PM
To: Ava Naeini <avanaeini12@gmail.com>

Hello Ava,

We received payment, I will follow-up with Commencement notice.

Best for the weekend,

Darcy

---

**From:** Ava Naeini <avanaeini12@gmail.com>
**Sent:** Thursday, January 4, 2024 10:25 PM
**To:** Darcy English <denglish@jamsadr.com>
**Subject:** Re: Naeini, Ava vs. Cognizant Technology Solutions US Corporation - JAMS Ref No. 5220004628

> **Caution:** This email originated from outside JAMS. Do not click links or open attachments unless you recognize the
> sender and know the content is safe.

[Quoted text hidden]

---

Ava Naeini <avanaeini12@gmail.com>                                     Mon, Jan 15, 2024 at 12:50 PM
To: Darcy English <denglish@jamsadr.com>
Cc: Michael Woodson <michaelwoodson@eversheds-sutherland.com>

Hello Ms. English,

Hon. Jackson Lucky is my selection as he seems professional. I haven't been able to get any answers
From The respondent despite asking them and they pursue having meeting which I absolutely do not feel comfortable having
at this stage as my energy will be depleted.

Also is there a way to interview arbitrators? Or change them after pre-hearing. I like to file discovery as soon as possible as
the other side(not Michael but those whose name is listed but I never spoken to) have been unprofessional behind my back
and given that Im a remote healer with abilities I refrain from any engagement directly or indirectly with those individuals as
my health is critical and their issues impacts my body as Im sensitive by God's design. That's why we need to move as fast as
possible so they are not in my spiritual space.

Sincerely
Ava Naeini

        On Jan 5, 2024, at 2:33 PM, Darcy English <denglish@jamsadr.com> wrote:

        [Quoted text hidden]

# Exhibit 4



Ava Naeini - Interview   Inbox ×

**Ranjan, Amit** <amit.ranjan@credit-suisse.com>
to Janakiraman, me

May
**5**
Thu

Ava Naeini - Interview
View on Google Calendar

When    Thu May 5, 2022 8am – 9am (PDT)
Where   https://credit-suisse.zoom.us/j/95773469801?pwd=Z0plVU1BcGNhQVNvL2g1U2JwC
Who     Somasundaram, Janakiraman (CDGU 26), Ranjan, Amit (CDGU 561) CWR*

HI Janaki,
As confirmed putting the placeholder for Ava Naeini Interview.

Hi Ava,
As discussed, Please be available for this interview.

Thanks,
Amit Ranjan



CREDIT SUISSE

Hi there,

amit.ranjan@credit-suisse.com is inviting y

to a scheduled Zoom meeting.

**Join Zoom Meeting**

Phone one-tap:

Meeting URL:

Janakiraman Somasundaram | LinkedIn



🔍    Home  My Network  Jobs  Messaging  Notifications  Me ▾  |  For Business ▾   Post



**Janakiraman Somasundaram** · 3rd
LEAD APPLICATION SUPPORT ANALYST

-   Teradata

Celina, Texas, United States · Contact info
181 connections

Message    + Follow    More

## About

Accomplished professional with over 18 years of IT experience, including 13+
years in application production support. Extensive expertise in leading diverse
teams to achieve successful outcomes, for high profile IT projects. Consistently
delivered excellent results, which led to ever increasing responsibilitie  ...see more

## Activity

183 followers

**Janakiraman hasn't posted yet**
Recent posts Janakiraman shares will be displayed here.

Show all activity →

## Experience

  **SRE**
JPMorgan Chase & Co. · Full-time
Nov 2022 – Aug 2023 · 10 mos

◈ Amazon Web Services (AWS) Certified Solution Architect

  **DevOps Lead, AVP**
Credit Suisse
Feb 2017 – Nov 2022 · 5 yrs 10 mos
New York

  **Senior Principle Consultant**
Morgan Stanley
Nov 2013 – Feb 2017 · 3 yrs 4 mos

  **Project Manager**
Citi
Nov 2004 – Nov 2013 · 9 yrs 1 mo

**Consultant Associate**
Reliance Infocomm Limited



**DAILY VOICE**

## Somerset
### *Your Local News for Somerset County, New Jersey*

SATURDAY, APR 6

# Man Sexually Abused Girls Ages 8 To 15 In Raritan Then Relocated To Texas, Police Say

*A 41-year-old Texas man has been arrested on accusations he sexually abused two minors in Somerset County.*




Janakiraman Somasundaram.

Photo Credit: *Somerset County Prosecutor's Office*

Cecilia Levine                                          07/21/2023 6:10 p.m.

Janakiraman Somasundaram sexually assaulted one victim, a girl, who was between the ages of 8 and 11 at the time of the incidents, Somerset County Prosecutor John P. McDonald said.

A second victim told detectives she was sexually abused by Somasundaram when she was 15, McDonald said. Both instances happened in Raritan.

Somasundaram was subsequently charged with various counts of second-degree sexual assault, third-degree endangering the welfare of a minor and fourth-degree criminal sexual contact.

Somasundaram had relocated to Texas. On Wednesday, July 5, police said. He was apprehended without incident at his home in Celina, Texas by members of the Celina Police Department who were assisting New Jersey authorities.

Somasundaram subsequently waived extradition from Texas and was transported to Somerville, on Tuesday, July 18, where he was lodged in the Somerset County Jail pending a detention hearing.

Prosecutor McDonald, Chief Roman, and Chief Nolte request that anyone with information relating to the sexual assaults to contact the Somerset County Prosecutor's Office Sex Crimes/Child Abuse Unit at (908) 231-7100 or the Raritan Borough Police Department at (908) 725-6200 or via the STOPit app.

# Exhibit 5

## JAMS Arbitration No. 5220004628

**Ava Naeini,**

       Claimant,

    and

**Cognizant Technology Solutions U.S. Corporation,**

       Respondent.

## Ruling on Motion to Dismiss and Final Award

The Arbitrator gave written notice and conducted an arbitration management conference on March 18, 2024. Claimant represented herself. Michael Woodson, Eversheds Sutherland (US) LLP, represented Respondent. During the conference, the parties agreed to argue Respondent's motion to dismiss filed on November 28, 2023. For the reasons in the *Discussion* below, the Arbitrator grants the motion and enters a *Final Award* dismissing all claims with prejudice.

### 1   Parties

The caption above identifies the Parties to this Arbitration. The attached Service List identifies their counsel.

### 2   Arbitrator

Judge Jackson Lucky (Ret.)
Inland Empire JAMS Office
3390 University Ave, Ste 450
Riverside, CA 92501
*909-942-5942*
*jlucky@jamsadr.com*

### 3   Case Manager

O. Tatiana Montealegre
Los Angeles JAMS Office
555 West 5th Street, Suite 3200
Los Angeles, California 90013
*213-253-9785*
*omontealegre@jamsadr.com*

1

**4    PLACE OF ARBITRATION**

Los Angeles, California (by videoconference)

**5    DATE OF AWARD**

April 8, 2024

**6    AGREEMENT TO ARBITRATE**

Arbitration is under the arbitration clause (Clause) contained in the parties' Mutual Arbitration Agreement, which Claimant signed on May 17, 2022.

**7    APPLICABLE LAW AND RULES**

The Arbitrator applied the following laws, rules, and procedures at the hearing:

- Federal Arbitration Act

- Federal Rules of Civil Procedure

- California substantive law

- *JAMS Employment Arbitration Rules and Procedures*

- *JAMS Employment Arbitration Minimum Standards*

Claimant requested expedited procedures. Respondent objected. The Arbitrator denies Claimant's request because the *JAMS Employment Arbitration Rules and Procedures* do not have a provision for expedited procedures. Only *JAMS Comprehensive Rule 16* allows that process.

**8    PLEADINGS AND ARBITRABILITY**

Claimant filed a Demand (Demand) on or about November 14, 2023.

The parties confirmed at the first AMC that the Central District of California granted Respondent's motion to compel arbitration and stay the court action.

The claims are arbitrable.

Claimant filed an Amended Statement of Claim on March 31, 2024, but did not seek leave to amend under *Rule 10*. That rule requires a party to seek leave to amend a pleading after JAMS appoints an arbitrator. Because JAMS appointed the Arbitrator on January 31, 2024, and Claimant amended her claims without leave on March 31, 2024, without leave, the Arbitrator strikes the Amended Statement of Claim.

**9    STATEMENT OF THE CASE**

The Arbitrator gave written notice and conducted an arbitration management conference on March 18, 2024. Claimant represented herself. Michael Woodson, Eversheds Sutherland (US) LLP, represented Respondent.

Although the Arbitrator's notice did not include a hearing on the motion to dismiss, both parties agreed to argue the motion during the management conference and delay the management conference until after the Arbitrator ruled on the motion.

The Arbitrator has read and considered:

- Arbitration Invention Agreement
- Complaint
- Removal Order
- Order Compelling Arbitration
- Demand for Arbitration and Request for Expedited Procedures
- Respondent's Objection to Claimant's Request for Expedited Procedures
- Respondent's Rule 12(b)(6) Motion to Dismiss
- Claimant's Opposition to Motion to Dismiss
- Respondent's Reply In Support of Motion to Dismiss
- Right to Sue from California Civil Rights System
- Respondent's Sur-Reply In Support of Its Rule 12(b)(6) Motion to Dismiss
- Amended Statement of Claim
- Respondent's Objection to Claimant's Amended Statement of Claims

As explained in the *Discussion* below, the Arbitrator grants Respondent's motion to dismiss because Claimant originally alleged four defamation-related claims, but her Statement of Claim and Complaint show that the allegedly defamatory statements fall under two privileges: the common interest privilege and California Civil Code section 47(a). Moreover, the Complaint and Statement of Claim show that Claimant has admitted the statements are true.

The Arbitrator grants the motion, dismisses the claims in the original Statement of Claims with prejudice, and enters a *Final Award* finding for Respondent.

**10    STATEMENT OF FACTS**

In ruling on the motion to dismiss, the Arbitrator assumes that all plausible facts that Claimant alleges are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Starting around May 31, 2022, Claimant started working for Respondent as a senior associate for a technical opportunity with Credit Suisse. Compl. ¶10. Cognizant required all employees to disclose any tech startup and invention

3

work in which Claimant had an interest in actively pursued. Id. at ¶¶ 14-16. Claimant did not disclose her interest in her one-person startup at the time she took the job. Id., Exhibit 3, at 3. She did not understand at the time that she was required to. *Id.*

Claimant alleges two incidents of defamation. The first incident occurred in July 2022, when Respondent's security department sent Claimant an email to meet with her. Id. at ¶¶ 19-20. During that meeting (by videoconference), Respondent's security employee (identified as "Bill") "asked her with a threatening and condescending tone if she [was] recording [the call]." *Id.* at ¶ 20. Bill brought a witness [who seems to be another employee because Bill directed this witness to search for some documents] and Claimant had to join alone. *Id.* at ¶¶ 20, 22.

Bill repeatedly accused Claimant of failing to disclose her interest in a competing project and applying for a founder's grant with Credit Suisse. *Id.* at 21. He also accuse Clamant of failing to to disclose her project and being unethical. _Id. at 22. The Complaint does not identify any third parties or any other individuals to whom Bill made defamatory statements.

The second incident occurred when Claimant applied for unemployment benefits with the Employment Development Department (EDD). Id. at ¶ 28. Claimant alleges, "The abuse even continued by Cognizant by reporting plaintiff to EDD for improper conduct and lying of verbal and written warning which made EDD deny her unemployment claim at first and plaintiff chose to appeal for it." *Id.* Again, Claimant does not identify third parties or other individuals to whom Respondent made defamatory statements.

## 11    DISCUSSION

Paragraph H.4. of the Agreement requires the Arbitrator to hear motions to dismiss and decide them under the Federal Rules of Civil Procedure. Under the Federal Rules, Claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp., supra*, 550 U.S. 544 at 570. If Claimant fails to allege a plausible claim, the Arbitrator may dismiss. *Id.*; Fed. R. Civ. P. 12(b)(6). If Claimant can allege no set of facts supporting relief, the claims may be dismissed with prejudice. *Guerrero v. Gates*, 357 F.3d 911, 916 (9th Cir. 2004).

The Arbitrator grants the motion to dismiss with prejudice for three reasons.

1. Bill's statements to Claimant in front of another employee fall under the common interest privilege.

2. Respondent's statements to EDD are privileged under California Civil Code section 47(a).

3. Claimant admits the statements are true.

4

### 11.1 Bill's statements are privileged

Claimant alleges that Bill made defamatory statements to her in front of another employee during a videoconference meeting. Respondent argues that Bill's statements to Claimant in front of another unnamed employee are privileged under the common interest privilege.

Respondent is correct. If an employer terminates an employee and tells other employees why, those statements to other employees are generally privileged. *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440, 60 Cal. Rptr. 3d 359, 372 (2007). Here, Claimant alleges that Bill worked for Respondent on the security team, that the meeting was about Claimant's failure to disclose her interest in a side venture, and that Bill's accusations in front of another employee were made during a meeting about that failure. These statements, whether or not they were true, fall under the common interest privilege.

In her opposition, Claimant did not cite any contrary case or statute. She did not address the privilege issue at all. At the conference, Claimant made no offer of proof that she could allege facts that would make the privilege inapplicable. Because Claimant did not address Respondent's arguments, she has waived her claim. *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 288, 100 Cal. Rptr. 3d 296, 333 (2009).

Both procedurally and on the merits, Respondent is entitled to dismissal.

### 11.2 Respondent's statements to EDD are privileged

Claimant filed a claim with EDD for unemployment benefits. Respondent reported its reasons for terminating Claimant to EDD: because Claimant failed to disclose her potentially competing interest. Claimant alleges that Respondent's report was defamatory.

Respondent argues that the statements to EDD are privileged under Civil Code section 47(a). Again, Respondent is correct. "Any communications to the unemployment office are entitled to a qualified privilege." *Ghebreselassie v. Coleman Sec. Serv.*, 829 F.2d 892, 898 (9th Cir. 1987). And again, Claimant did not address the privilege issue in her opposition.

Claimant's claim fails procedurally and substantively.

### 11.3 Claimant admits the statements are true

Truth is a complete defense to defamation, and Claimant bears the burden to prove falsity. See *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999).

As Respondent points out, the gist of the statements that Claimant alleges are defamatory is that she failed to disclose her interest in a side project to Respondent. But Claimant admits those facts are true. She owned an outside

competitive tech project. See Compl. ¶¶ 22-23. She didn't disclose this information to Respondent because she didn't realize she was required to. *Id*. at ¶ 22.

Claimant's Exhibit 3 to her Complaint alleges these statements are true:

> The claimant testified credibly that she did not understand that she was required to disclose her company to the employer under their conflict of interest policy…. The claimant also credibly testified that she would have disclosed her company to the employer under the conflict of interest policy had she known she was required to.

The Arbitrator must accept these facts as true. Claimant did not disclose her interest. She might not have understood she had to, but that does not make Respondent's statements false. Claimant's claims fail.

## 11.4 The privilege and truth defenses apply to the false light cause of action

A false light claim is subject to the same defenses and privileges as a defamation claim, including the truth defense. See *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317, 1324 (W.D. Wash. 2011). Respondent raised this argument in its motion and Claimant failed to address it.

The Arbitrator rules Claimant has waived this cause of action by failing to address Respondent's argument. Even if she hasn't, Respondent is correct: the same defenses that doom Claimant's defamation claims also doom her false light claim.

## 11.5 Claimant cannot cure the defects in her claims

Claimant offered no counter to the privilege defenses. As discussed earlier, the Complaint admits the truth of the statements Claimant alleges are defamatory. These defects are fatal to her claims.

The Arbitrator sees no way that Claimant can cure the defects in her claims.[1]

---

[1] On March 18, 2024, Claimant filed a "right to sue" letter from the California Civil Rights Department, dated that same day, ostensibly to file claims under the California Fair Employment and Housing Act (FEHA). Respondent's Sur-reply correctly argued that this untimely letter would not allow Claimant to amend to allege FEHA claims because Claimant must have obtained her right-to-sue letter before filing a lawsuit. See *Wasti v. Superior Court* (2006) 140 Cal.App.4th 667, 671, 44 Cal.Rptr.3d 625, 627.

## 12  FINAL AWARD

For these reasons, the Arbitrator grants the Respondent's motion and dismisses all claims with prejudice. This Award resolves all issues presented to the Arbitrator for decision.

April 10, 2024

JUDGE JACKSON LUCKY (RET.)
Arbitrator

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18. My address is:11420 Santa Monica Boulevard, Suite 252098, Los Angeles, California 90025
which is located in the county where the mailing described took place.

**CASE NO. 2:23-cv-07118-AB-BFM**

On  April 25_____, 2024, I served the foregoing document(s) described as:
**Amended Complaint**

Michael Woodson | Partner

michaelwoodson@eversheds-
sutherland.com
T: +1.713.470.6121
Eversheds Sutherland

[ ]    (By U.S. Mail) On, _____ (date) I deposited such envelope in the mail in Los Angeles County, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (By Personal Servie) I caused such envelope to be delivered by hand via messenger service to the address above;

[  ]     (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

[x]     By electronic service.  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  04/25/2024

_____

Ava Naeini
DECLARANT